ORIGINAL

J. STEPHEN STREET    1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:    (808) 754-1647
Facsimile No.:    (888) 334-6499
E-mail:    jsstreet@ip-law-hawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 26 2013

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

DANE ANDERSON     9349-0
Attorney At Law, LLLC
2029 Nuuanu Ave, Box #1501
Honolulu, Hawaii  96817
Telephone No.:    (808) 285-4760
E-mail:    dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and HAWAIIAN ART NETWORK, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and HAWAIIAN ART NETWORK, LLC,<br><br>                 Plaintiffs,<br><br>    vs.<br><br>HAWAIIAN AIRLINES, INC., a Delaware Corporation; FOUR WINDS INTERACTIVE, LLC, a Colorado Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10,<br><br>                 Defendants. | CIVIL NO. CV13 00319 RLP<br>(Copyright Infringement)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"C"; SUMMONS |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiffs VINCENT KHOURY TYLOR and

HAWAIIAN ART NETWORK, LLC, by their attorneys, J. Stephen Street,

Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for their

complaint alleges as follows:

### PARTIES

1.      Plaintiff VINCENT KHOURY TYLOR is a resident of the

State of Hawaii.

2.      Plaintiff HAWAIIAN ART NETWORK, LLC is a limited

liability company registered in the State of Hawaii with its principal place of

business in Honolulu, Hawaii.

3.      Upon information and belief, Defendant HAWAIIAN

AIRLINES, INC. (hereinafter "HAWAIIAN AIR") is a for profit corporation,

incorporated in Delaware, and is registered to do business in the State of Hawaii

with its principal place of business in Honolulu, Hawaii.

4.      Upon information and belief, Defendant FOUR WINDS

INTERACTIVE, LLC (hereinafter "FWI") is a limited liability company registered

in the State of Colorado with its principal place of business in Denver, Colorado.

5.      JOHN DOES 1-10, JANE DOES 1-10, DOE

CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE

2

ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiffs, except, upon information and belief, that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendants who may be under a duty, contractually or otherwise, to pay Plaintiffs compensation for loss incurred by the actions or omissions of the named Defendants and/or were in some manner related to the named Defendants and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have investigated the facts alleged herein through inter alia, interview of Plaintiffs and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

6. This is an action for preliminary and permanent injunctive relief and damages arising from HAWAIIAN AIR's and FWI's (collectively

"Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

7.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

8.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

9.     HAWAIIAN AIR is doing business in the State of Hawaii as a commercial airline, which includes services as a commercial airline carrier for passengers arriving at and departing from the Honolulu International Airport.

10.     Upon information and belief, FWI is doing business in the State of Hawaii by entering into a commercial contract with HAWAIIAN AIR to create, deliver, install, and/or maintain a FWI "digital signage" software package for HAWAIIAN AIR to use at the Honolulu International Airport.  FWI's "digital signage" software was used by HAWAIIAN AIR for its own commercial purposes to display HAWAIIAN AIR advertisements and passenger information notices on digital display screens placed in various locations for public viewing at the Honolulu International Airport.

11.     The photographic work at issue in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and the photographic work at issue is duly registered with the United States Copyright Office.

12.     The photographic work, image no.: "O-06 Hanauma Bay Wide" at issue in this case was created by photographer Plaintiff Vincent Khoury Tylor. The copyright for the photographic work at issue was registered with the United States Copyright Office as VA 1-696-555, effective December 17, 2009, and supplemented by VA 1-432-741, in the name of Plaintiff Vincent Khoury Tylor. During part of the time Defendants used the photographic work at issue, Plaintiff Hawaiian Art Network, LLC owned the copyright to that photographic work by written assignment. During the remaining time Defendants used the photographic work at issue, Plaintiff Vincent Khoury Tylor owned the copyright to the photographic work at issue. Only Plaintiffs had/have exclusive rights and privileges in that photographic work under the United States Copyright Act. A true and correct copy of the Certificate of Registration which relates to the photographic work at issue is attached hereto as Exhibit "A."

13.     The photographic work at issue was not a "work for hire."

14.     Plaintiff Vincent Khoury Tylor incurred substantial time and expense in creating the photographic work at issue and Plaintiffs invested substantial time and expense in marketing the licensing of that photographic work.

15.     In mid 2012, Plaintiffs learned that Defendants were using the photographic work at issue.  Upon information and belief, the photographic work at issue was used by Defendants for at least seventeen (17) months without obtaining licenses or consent from either Plaintiff, thus violating the exclusive rights of the Plaintiffs to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq.

16.     Upon information and belief, FWI, in its contract with HAWAIIAN AIR, profited from FWI's use of the photographic work at issue in its digital signage software package that FWI created for and delivered to HAWAIIAN AIR by receiving payment from HAWAIIAN AIR for that specifically created software package.  HAWAIIAN AIR used the photographic work at issue for its own commercial purposes by displaying that photographic work for at least seventeen (17) months in HAWAIIAN AIR  advertisements and passenger information notices on HAWAIIAN AIR digital displays operating FWI's software for viewing by the public at the Honolulu International Airport.  A true and correct copy of the photographic work at issue registered by Plaintiffs and used without permission by Defendants is attached hereto as Exhibit "B".  True

and correct copies of an example of Defendants' infringing use of the photographic work at issue, shown in photographs taken of Defendants' digital signage at the Honolulu International Airport, are attached as Exhibit "C".

17. Upon information and belief, in FWI's uses of the photographic work at issue in its digital signage software package, FWI intentionally removed or altered Plaintiffs' copyright management information from that photographic work, or distributed that photographic work knowing that Plaintiffs' copyright management information had been removed or altered, for FWI's uses of that photographic work without authority of Plaintiffs or the law. FWI's uses contained copies of the photographic work at issue absent Plaintiffs' copyright management information, which is clearly associated with that photographic work when an internet search of that photographic work is performed using an internet search engine.

18. Plaintiffs' counsel exchanged written communications and/or had telephone conversations with Defendants' counsel, over the course of several months discussing the nature of the claims and offering terms of settlement.

19. Plaintiffs and Defendants have been unable to resolve this matter, thus necessitating legal action.

## FIRST CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENT

20.   Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-19 as if fully stated herein.

21.   Plaintiffs have owned all rights, title, and interest in the copyrights to the photographic work at issue during the entire period of Defendants' infringing use and Defendants never obtained licenses or consent from either Plaintiff for their use of the photographic work at issue.

22.   Defendant FWI has misappropriated Plaintiffs' copyrighted photographic work with knowledge that the photographic work did not belong to Defendants, and FWI made no attempt to obtain permission or license from anyone; FWI thereby willfully engaged in unauthorized use and copying of Plaintiffs' copyright by using Plaintiffs' original photographic work. Defendant HAWAIIAN AIR is vicariously liable for the willful acts of FWI because it enjoyed a direct financial benefit from the infringing use, had the responsibility to supervise the contract and confirm that HAWAIIAN AIR had obtained all necessary rights to use the photographic work in its displays, and had the right to manage and control the content on HAWAIIAN AIR's display screens at the Honolulu International Airport. Defendants' acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

23.   Defendants' unlawful use of copies of Plaintiffs' original photographic work without license and without Plaintiffs' copyright management

information has contributed to the loss of that photographic work's identity as

being the exclusive property of Plaintiffs and to the perception that the

photographic work at issue lacks ownership and/or is part of the public domain.

24.   Defendants' unlawful acts have been and are interfering with

and undermining Plaintiffs' ability to market Plaintiffs' original photographic

work, thereby impairing the value and prejudicing the sale by Plaintiffs of the

original photographic work.

25.   Plaintiffs are entitled to a preliminary and permanent injunction

restraining Defendants from engaging in further acts of copyright infringement.

26.   Defendants, by their unauthorized appropriation and use of

Plaintiffs' original photographic work, have been and are engaging in acts of unfair

competition, unlawful appropriation, unjust enrichment, wrongful deception of the

purchasing public, and unlawful trading on Plaintiffs' goodwill and the public

acceptance of Plaintiffs' original photographic work.

27.   Because Defendants used Plaintiffs' copyrighted photographic

work without license, infringing the exclusive rights of Plaintiffs as the copyright

owners, Plaintiffs are entitled to have the infringing publications and any

improperly acquired likenesses or images (however stored or recorded) impounded

while this action is pending.

28.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

29.     Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of these wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendants' acts of copyright infringement.

30.     Plaintiffs are further entitled to recover from Defendants any gains, profits, or advantages Defendants have obtained as a result of their wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

31.     Plaintiffs are entitled to elect to recover from Defendants statutory damages for each of their willful violations of Plaintiffs' copyright.

32.     Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

33.     Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-32 as if fully stated herein.

34.     Upon information and belief, in FWI's use of the photographic work at issue in its digital signage software package, FWI intentionally removed

copyright management information from association with that photographic work, or distributed that photographic work knowing that Plaintiffs' copyright management information had been removed or altered, without the authority of Plaintiff or the law, and knowing, or having reasonable grounds to know, that the removal or distribution would induce, enable, facilitate, or conceal infringement of copyright.

35.    FWI's acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

36.    Plaintiffs are entitled to a preliminary and permanent injunction to prevent FWI from engaging in further violations of 17 U.S.C. § 1202.

37.    Plaintiffs are entitled to recover from FWI the actual damages suffered by Plaintiffs and any profits FWI has obtained as a result of its wrongful acts that are not taken into account in computing the actual damages.  Plaintiffs are currently unable to ascertain the full extent of the profits FWI has realized by its violations of 17 U.S.C. § 1202.

38.    Plaintiffs are entitled to elect to recover from FWI statutory damages for each of its violations of 17 U.S.C. § 1202.

39.    Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs VINCENT KHOURY TYLOR and

HAWAIIAN ART NETWORK, LLC pray:

      A.    That this Court enter an injunction preliminarily and

permanently enjoining and restraining Defendants and their directors, officers,

agents, servants, employees, attorneys, and all persons in active concert or

participation with Defendants from infringing Plaintiffs' copyrighted photographic

work and from further violating 17 U.S.C. § 1202;

      B.    That the Court order any original infringing photographs,

prints, separations, publications, copies, products, or materials bearing the image,

digital data in any form and/or likenesses impounded and/or destroyed or disposed

of in other reasonable fashion;

      C.    That Defendants be required to pay such damages as Plaintiffs

have sustained and any profits Defendants have gained in consequence of

Defendants' unlawful acts or, in the alternative, to pay statutory damages pursuant

to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

      D.    That Defendants be required to pay costs, including reasonable

attorneys' fees, to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);

and,

      E.     That Plaintiffs be granted such other and further relief as the

Court may deem just and proper.

      DATED:  Honolulu, Hawaii, _____6·26·2013_____.

                J. STEPHEN STREET
                DANE ANDERSON
                Attorneys for Plaintiffs
                VINCENT KHOURY TYLOR
                HAWAIIAN ART NETWORK, LLC